[Crim. No. 1308.     First Appellate District, Division One.—May 25, 1926.]

THE PEOPLE, Respondent, v. PETER CONSULTER, Appellant.

[1] CRIMINAL LAW—MANSLAUGHTER—BUSINESS DISTRICT—EVIDENCE—INSTRUCTIONS.—In this prosecution under an information charging defendant with the crime of manslaughter, as the result of the death of a person who was run into and critically injured while standing within a safety zone waiting for a street-car, defendant was not in a position on appeal to raise the objection that the trial court erred in permitting police officers to testify concerning the character as a business district of the neighborhood where deceased was struck, where the evidence showed that defendant drove his machine into the safety zone in a reckless manner and at a speed greater than was reasonable or proper, and that he had been drinking, and the character of the district was a matter upon which there was and could be no dispute or question, as shown by undisputed evidence which was admitted without objection; neither could defendant predicate reversible error on the failure of the trial court to instruct the jury as to the conclusive presumption as to the character of the district, as established by section 114, subdivision (C), of the Motor Vehicle Act, where he did not ask for an instruction upon the subject.

(1) 17 C. J., p. 66, n. 15, p. 318, n. 14, p. 321, n. 47.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter H. Duane for Appellant.

U. S. Webb, Attorney-General, and E. F. Mitchell for Respondent.

TYLER, P. J.—Defendant was charged upon an information filed by the district attorney of the city and county

1. Manslaughter in connection with use of automobile in violation of law, see notes in 16 A. L. R. 914; 21 A. L. R. 1504; 27 A. L. R. 1182; 30 A. L. R. 66; 41 A. L. R. 725; 42 A. L. R. 1120.

of San Francisco with the crime of manslaughter. He was convicted. A motion for a new trial was made and denied.

This is an appeal from the judgment and order. The facts are simple. There is evidence in the record to show that on the thirtieth day of August, 1925, at about 7 o'clock in the evening, one Martin Thorsen, accompanied by his wife and two young children, a son and daughter, were standing within a safety zone situated on the east side of Mission Street and Courtland Avenue. The boundary line of the zone was marked upon the surface of the highway and also upon a police standard located on the southerly end thereof. Thorsen and his family were waiting for a northbound car on Mission Street. The evening was clear and it was still daylight. At this time defendant was returning from a picnic in an automobile. He was driving the machine accompanied by a party of friends. As he approached the intersection of the streets named he was proceeding in a northerly direction along Mission Street down the incline which there exists, driving on the car tracks at a speed estimated by witnesses at about thirty miles an hour. As he neared the intersection of the streets he left the car tracks and drove his car directly into the safety zone, striking Thorsen and his little daughter. His car, after passing over Thorsen, continued on for a distance of some two hundred feet when it was brought to a stop. Defendant was then questioned by a police officer as to who was driving the car. This officer testified that defendant had been drinking. By reason of the impact Thorsen received serious injuries which caused his death some three hours later. His chest and ribs were crushed and his lungs and liver both punctured. The buildings on both sides of Mission Street where the deceased met his death are occupied by stores, it being a business district. In proof of this fact there was offered and received in evidence the testimony of certain police officers. The learned trial court instructed the jury upon this subject in conformity with section 114 (a) of the Motor Vehicle Act as it existed at the time deceased met his death. That section reads as follows: A "business district" for the purposes of this act shall mean the territory contiguous to a public highway when fifty per cent or more of the property fronting on such highway for a distance of three hundred feet, or more, is occupied by buildings in

use for wholesale or retail business. (Deering's Supp. to Codes and General Laws 1925, p. 710.)

[1] As ground for reversal appellant contends that the trial court erred in permitting the police officers to testify concerning the character of the neighborhood of Mission Street where deceased was struck, and that it likewise erred in not properly instructing the jury upon this subject. This contention is based upon the provisions of section 114, subdivision (C) of the Motor Vehicle Act. It reads as follows: "Every public highway shall be deemed to be outside of a business or residence district unless sign posted as provided in this act, and in any action at law, either civil or criminal, every public highway shall be conclusively presumed to be outside of a business or residential district unless its existence within a business or residential district shall be established by clear and competent evidence as to the nature of the district and as to the presence of such signs as are required by this act." (Deering's Supp. to Codes and General Laws, p. 710.) We do not think appellant is in any position to raise these objections. An officer of the police department in charge of such work had prepared a photographic diagram of the intersection of Courtland Avenue and Mission Street which showed, among other things, the width of the streets and the location of the safety zone. This diagram was admitted without objection. Upon cross-examination counsel for appellant brought out the fact that the buildings on both sides of Mission Street at this point are all occupied by stores. Another police officer on his cross-examination was likewise interrogated and testified that he had made an examination of the neighborhood and that fifty per cent of the property was used for business purposes. Moreover, there is other evidence in the record which was not objected to, which shows conclusively that the district was a business one. The photographic diagram was in evidence and one of the witnesses for defendant testified on his direct examination, in response to questions put to him by counsel for defendant, that "there are all stores in that block there." Then again defendant asked for no instruction upon the subject and it was a matter upon which there was and could be no dispute or question. (See *Varco* v. *Lee,* 180 Cal. 338 [181 Pac. 233].) Here no objection is raised as to the sufficiency of the evidence, and if there was

any error by reason of the instruction, the error certainly did not result in a miscarriage of justice.

As above recited, there is evidence to show that defendant drove his machine into a safety zone in a reckless manner and at a speed greater than was reasonable or proper, and that he had been drinking. Under these circumstances it is hard to see how the jury could have reached a different verdict.

The judgment and order appealed from are affirmed.

Knight, J, and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 22, 1926.